AMENDMENT
TO
LORSTAN PHARMACEUTICAL, LLC

OPERATING AGREEMENT

**THIS AMENDMENT TO OPERATING AGREEMENT** is made and entered into as of March __, 2018, by Lorstan Pharmaceutical, LLC, a Delaware limited liability company with offices at 10773 NW 58th Street, Suite 751, Doral, FL 33178 ("Lorstan") and the undersigned.

**WITNESSETH:**

WHEREAS, the Manager wishes to modify certain terms of the Operating Agreement to reflect the agreement of the members; and

WHEREAS the Managers and the Members have approved this amendment.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, and the mutual promises contained herein, the parties hereto agree to amend their understandings as follows:

1. Section 3.1 is amended to read as follows:

"3.1  Purpose; Powers.  The Company is formed solely for the purposes of (i) for-profit development, licensing, exploitation, and commercialization of a pharmaceutical compound identified as silicone oil base compound, or its derivatives, and any existing or pending patents, which are listed on Exhibit C hereto (the "Core Business"); and (ii) those other businesses which the Company pursues pursuant to the terms of Section 17.1. The Company, and the Board on behalf of the Company, shall have the power and authority to do all things necessary or convenient to accomplish its purposes and operate its business as described in this Article III.  The Company exists only for the purpose specified in this Article III and may not conduct any other business without the consent of the Board and the Majority of the Members."

2. Section 10.1 is amended to read as follows:

"10.1  Allocations of Net Profits and Net Losses from Operations.  Except as otherwise provided in this Article X, Net Profits, Net Losses, and other items of income, gain, loss, deduction, and credit of the Company shall be apportioned 70% to Dr. Victor Loria and 30% to John Stanise. Notwithstanding the forgoing Net Profits, Net Losses, and other items of income, gain, loss, deduction, and credit of the Company derived from businesses which the Company pursues pursuant to the terms of Section 17.1(a), (b) or (c) shall be apportioned 75% to Dr. Victor Loria and 25% to John Stanise."

3-30-18

3. Section 17.1 is amended to read as follows:

"17.1 No Other Obligation. Except as otherwise set forth herein, no Member (including its directors, officers, employees, shareholders, and Affiliates) shall have any obligation to any other Member or the Company to present any business opportunity to the Company or to refrain from taking any such opportunity for its own account (individually or as a partner, member, shareholder, or otherwise) or from recommending any such opportunity to others, or to refrain from engaging in any business or possessing an interest in any other business ventures of any nature or description, independently or with others, for its own account; provided, however,

(a) Dr. Victor Loria shall be obligated to assign all right, title and interest in and to any and all inventions which are disclosed in U.S. Application No. 15/665,369, filed July 31, 2017 and entitled "HAIR IMPLANTS COMPRISING ENHANCED ANCHORING AND MEDICAL SAFETY FEATURES", and U.S. Application No. 15/718,637, filed September 28, 2017 and entitled "HAIR IMPLANTS COMPRISING ENHANCED ANCHORING AND MEDICAL SAFETY FEATURES" and any improvements thereon which he makes, conceives or acquires during the course of his association with Company, and for one year thereafter, and in and to said Applications and any and all Letters Patent and extensions thereof of the United States and countries foreign thereto which have been or may be granted on said inventions or any part thereof, or any improvements thereon or on said Applications, or any divisional, continuing, renewal, reissue, or other application and all international priority rights associated therewith, based in whole or in part thereon, or based upon said inventions, or any improvements thereon. Dr. Victor Loria shall not pursue commercialization of such intellectual property individually or through any Person other than Company;

(b) Dr. victor Loria shall not pursue, directly or indirectly, other than through Company or a management company which is a subsidiary of Company, any commercial ventures relating to the opening of multiple medical offices.

(c) Dr. Victor Loria shall not pursue, directly or indirectly, other than through Company, any commercial ventures derived from the introduction of Dr. Loria to any Person by John Stanise."

4. The Operating Agreement, as amended, is otherwise confirmed.

IN WITNESS WHEREOF, we have hereunto set our hands and seals on the date set forth beside our names.

_____  3-30-18    _____
Dr. Victor Loria                    John Stanise

EXHIBIT C

Schedule of Patents and Patent Applications

| U.S. Application Serial No. | Filing Date | Title |
| --- | --- | --- |
| 15/405,240 | 1/12/2017 | SILICONE OIL-IN-WATER COMPOSITION USEFUL AS AN INJECTABLE FILLER AND AS A SCAFFOLD FOR COLLAGEN GROWTH |

-3-

3-30-18