UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN STANISE,<br><br>                Plaintiffs,<br><br>  v.<br><br>VICTOR LORIA,<br><br>                Defendant. | CASE No.: 1:20-cv-02769-VSB |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO TRANSFER VENUE**

 

STONE & MAGNANINI LLP
100 Connell Drive, Suite 2200
Berkeley Heights, NJ 07922
Phone: (973) 218-1111
Fax: (973) 218-1106

*Attorneys for Defendant Victor Loria*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ..............................................................................................1
STATEMENT OF FACTS .......................................................................................................1
ARGUMENT.............................................................................................................................2

    I.    The Permissive Forum Selection Clause Contained in the Parties' Agreement is Not Dispositive of the Question of Whether the United States District Court for the Southern District of New York is the Proper Venue for this Dispute. ......................................................................................... ..2

    II.    This Matter Has No Connection to New York.. ................................................ ..2

    III.    Pursuant to 28 U.S.C. § 1404(a), this Matter Should be Transferred to the United States District Court for the Southern District of Florida ............... ..3

CONCLUSION.................................................................................................................5

# **TABLE OF AUTHORITIES**

**CASES**

*Beatie & Osborn LLP v. Patriot Sci. Corp.*,
  431 F. Supp. 2d 367 (S.D.N.Y. 2006) ................................................................................... 4

*Colbert v. P&G, No. 16 Civ. 2636*
  (PGG), 2017 U.S. Dist. LEXIS 141268 (S.D.N.Y. Aug. 30, 2017) .................................... 4, 5

*POSVEN v. Liberty Mut. Ins. Co.*,
  303 F. Supp. 2d 391 (S.D.N.Y. 2004) ................................................................................ 3, 4

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) ................................................................................................................ 4

**STATUTES**

28 U.S.C. § 1332 ........................................................................................................................ 3
28 U.S.C. § 1391 ........................................................................................................................ 3
28 U.S.C. § 1404 ..................................................................................................................... 2, 3

**PRELIMINARY STATEMENT**

This transfer motion involves two out-of-state parties, fighting over an out-of-state company, asking the Court to apply out-of-state law. This matter has no connection to New York or this Court, and should be transferred to the United States District Court for the Southern District of Florida.

**STATEMENT OF FACTS**

For purposes of this transfer motion, a limited factual recitation is required. This matter involves a contract dispute between Plaintiff John Stanise ("Plaintiff" or "Stanise") and Defendant Victor Loria, D.O. ("Defendant" or "Dr. Loria"). Plaintiff is a resident of the State of Connecticut. *See* Complaint ("Compl.") at ¶6. Defendant resides in Doral, Florida. *Id.* at 7. The company in dispute, Lorstan Pharmaceutical LLC (the "Company"), is a Delaware entity. *Id.* at 1. The Company's principal place of business is also in Doral, Florida, Compl. at Ex. A, ¶2.5, which is located in the Southern District of Florida.

The Company's Operating Agreement contains a permissive forum selection clause which states as follows:

> 19.7 <u>Governing Law, Submission to Jurisdiction, and Waiver of Jury Trial</u>
>
> (a) THIS AGREEMENT SHALL BE GOVERNED IN ALL RESPECTS BY THE INTERNAL ***LAWS OF THE STATE OF DELAWARE*** WITHOUT REGARD TO CONFLICT OF LAWS PROVISIONS.
>
> (b) EACH PARTY HERETO HEREBY SUBMITS TO THE ***NONEXCLUSIVE*** JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK AND OF ANY NEW YORK STATE COURT SITTING IN THE BOROUGH OF MANHATTAN FOR PURPOSES OF ALL LEGAL PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY EACH PARTY HERETO HEREBY WAIVES TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE VENUE OF ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT

    AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN SUCH
    A COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM.

Compl. at Ex. A, ¶19.7 (emphasis added).

## ARGUMENT

**I. The Permissive Forum Selection Clause Contained in the Parties' Agreement is Not Dispositive of the Question of Whether the United States District Court for the Southern District of New York is the Proper Venue for this Dispute.**

When a federal forum is designated by a permissive forum selection clause as a non-exclusive jurisdiction in which a dispute arising under the parties' agreement may be filed, the analysis does not end there. Rather, an action filed in the designated district may properly be subject to a transfer motion. The United States Supreme Court held in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988), that even a <u>mandatory</u> forum selection clause is not dispositive of a transfer motion under 28 U.S.C. § 1404(a). While the presence of a forum selection clause will be a factor in the court's analysis, district courts must also weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of "the interest of justice." *Id.* at 30.

**II. This Matter Has No Connection to New York.**

Simply put, this matter has no connection to the State of New York, any of its citizens, or this Court, and therefore the factors weigh in favor of its transfer. Per the Complaint, Plaintiff is a Connecticut resident, while Defendant resides in Florida. Per the Operating Agreement attached to the Complaint at Exhibit A, the company (Lorstan Pharmaceutical LLC) at the center of the dispute is a Delaware entity with its principal place of business also located in Florida. The choice of law provision selects the law of Delaware to be applied. If any state has an interest in this matter, surely it is a state where one of the parties resides and/or where the Company in dispute is actually located.

### III. Pursuant to 28 U.S.C. § 1404(a), this Matter Should be Transferred to the United States District Court for the Southern District of Florida.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Transfer is appropriate, therefore, (1) when the action "might have been brought" in the district where the movant seeks to have the action transferred, and (2) when the transfer would favor convenience and justice. *POSVEN v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004).

As the forum selection clause in this matter is permissive/nonexclusive, Plaintiff could have brought this action in the Southern District of Florida where both Defendant and the disputed Company are located. An action "might have been brought" in a district if, when the action was filed, subject-matter jurisdiction, personal-jurisdiction, and venue would have been proper in the transferee court. *Id.* Here, the Southern District of Florida would have had subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332: as pled in the Complaint, Plaintiff is a Connecticut resident, Defendant is a Florida resident, and the amount in controversy exceeds $75,000. The Florida court would have general personal jurisdiction over Defendant since he resides in Florida. Likewise, venue would be proper under 28 U.S.C. § 1391 because Dr. Loria is a Florida resident, the disputed Company has its principal office in Florida, and the factual issues that give rise to this dispute surround a Florida based company and its operations.

The transfer of this action to the Southern District of Florida would favor convenience and justice. The Second Circuit considers nine factors when weighing the convenience and

3

fairness of a transfer: (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based upon the totality of the circumstances. *POSVEN*, 303 F. Supp. 2d at 404.

The convenience of the forum for the witnesses weighs in favor of transfer to the Southern District of Florida. *Id.* For this factor, courts "must consider the materiality, nature, and quality of each witness, in addition to the mere number of witnesses in each district." *Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006). Here, Florida is the most convenient forum for the witnesses because many of the potential witnesses (save, perhaps, Plaintiff himself and some of the staff) live and work in Florida, including Defendant and other staff of the Company. Many of the relevant documents are also in Florida, as that is the location of the Company's principal office per its Operating Agreement.[1] The convenience of the parties is a neutral factor where, as here, the transfer of venue would "merely shift the inconvenience to the other party." *Beatie*, 431 F. Supp. 2d at 396.

The locus of operative fact, the "site of events from which the claim arises," is Florida. *Colbert v. P&G*, No. 16 Civ. 2636 (PGG), 2017 U.S. Dist. LEXIS 141268, at *20 (S.D.N.Y. Aug. 30, 2017). Plaintiff alleges that Dr. Loria breached his contractual and fiduciary duties associated with the Company, which has its principal office located in Doral, Florida, where Dr. Loria also resides. All of the actions giving rise to this claim stem from Dr. Loria's alleged activities in Florida as it relates to the parties' Florida-based company.

---

[1] While other relevant documents and witnesses may be located in Connecticut, surely no relevant documents or witnesses are located in New York.

4

As the law to be applied is that of Delaware, the two jurisdictions' familiarity with the law is a neutral factor given that all federal courts frequently construe Delaware corporate law. And Plaintiff's choice of forum in New York is a less important factor because a plaintiff's forum choice "is given less weight where the case's operative facts have little connection with the chosen forum." *Colbert*, 2017 U.S. Dist. LEXIS 141268, at *23. Here, as discussed above, this case's operative facts are centered in Florida, the location of the Company at the heart of the underlying dispute. The totality of the circumstances, therefore, weighs in favor of the transfer of this case to the Southern District of Florida.

## **CONCLUSION**

For the reasons expressed herein, Defendant respectfully requests that the Complaint be transferred to the Southern District of Florida.

Dated: New York, New York
May 4, 2020

Respectfully submitted,

By: *s/ Robert A. Magnanini*
Robert A. Magnanini
**STONE & MAGNANINI LLP**
100 Connell Drive, Suite 2200
Berkeley Heights, NJ 07922
(973) 218-1111
rmagnanini@stonemagnalaw.com
*Attorneys for Defendant*