UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN STANISE,<br><br>                    Plaintiffs,<br><br>  v.<br><br>VICTOR LORIA,<br><br>                    Defendant. | CASE No.: 1:20-cv-02769-VSB<br><br>[PROPOSED] ORDER FOR A TEMPORARY RESTRAINING ORDER AND SETTING A HEARING DATE TO ADJUDICATE MOVANT'S APPLICATION FOR A PRELIMINARY INJUNCTION AGAINST PLAINTIFF JOHN STANISE |

VERNON S. BRODERICK, United States District Court Judge:

WHEREAS, Defendant (the "Movant") has moved by Notice of Motion supported by Movant's Declaration for an order, pursuant to Fed. R. Civ. P. 65(a)(1) and (b), temporarily and preliminarily enjoining Plaintiff, John Stanise ("Stanise"), from:

    1)     Re-opening Lorstan Pharmaceutical LLC's ("Lorstan") compounding labs without the medical oversight and guidance of its Chief Medical Officer ("CMO") – Movant Loria; and

    2)     Blocking Movant Loria's right to re-open his temporarily shuttered New York medical office; and

    3)     Blocking Movant Loria's ability to become a Lorstan-licensee physician and open other locations for his separate medical practice, Loria Medical; and

    4)     Instructing Lorstan's employees – including himself – not to cooperate with Movant Loria in Movant Loria's capacity as majority owner and CMO of Lorstan, until such time as this Court or a Transferee Court in the Southern District of Florida has issued a ruling determining the parties' respective rights in accordance with the terms of the Lorstan Amended Operating Agreement, if determined to be enforceable.

1

WHEREAS, pursuant to Fed. R. Civ. P. 65(b) and this Court's inherent equitable powers, this Court finds that Movant would be irreparably harmed if Stanise were to:

1)      Re-open Lorstan's compounding labs without the medical oversight and guidance of its CMO – Movant Loria – as potential patient harm could occur and Movant Loria's medical license and reputation in the medical community could be put at substantial risk; and

2)      Block Movant Loria's right to re-open his temporarily shuttered New York office, which pre-dated the creation of Lorstan and which was operated until 2018 – two years after Lorstan's creation; and

3)      Block Movant Loria's ability to become a Lorstan-licensee physician and open other locations for his separate medical practice, Loria Medical, which would benefit both Lorstan and Stanise and place Movant Loria (the majority owner of Lorstan), in the same position as other Lorstan licensee-physicians; and

4)      Instruct Lorstan's employees – including himself – not to cooperate with Movant Loria in Movant Loria's capacity as majority owner and CMO of Lorstan, until such time as this Court or a Transferee Court in the Southern District of Florida has issued a ruling determining the parties' respective rights in accordance with the terms of the Lorstan Amended Operating Agreement, if determined to be enforceable.

Upon consideration of Movant's motion and supporting papers, all responsive submissions thereto, and all other materials submitted to the Court, it is hereby:

ORDERED, that Stanise is temporarily restrained from:

1)      Interfering with Movant Loria's duties, responsibilities, and rights as CMO of Lorstan, such that Movant Loria shall be granted full access to the Lorstan compounding labs and oversight rights over the Lorstan labs' compounding operations; and

2) Interfering with Movant Loria's planned re-opening of his New York Loria Medical office, which Movant Loria is expressly permitted to do until such time that a Court rules otherwise; and

3) Interfering with Movant Loria's right to become a Lorstan-licensee physician and open other medical office locations as such licensee, which Movant Loria is expressly permitted to do until such time that a Court rules otherwise; and

4) Interfering with any Lorstan employee or contractor's duty – including Stanise's own duty – to cooperate with Movant Loria in Movant Loria's capacity as majority owner and CMO of Lorstan, until such time that a ruling can be made on Movant Loria's application for a preliminary injunction during the pendency of this litigation, with such hearing to be held on _____, 2020.

ORDERED, that this Court shall retain jurisdiction to monitor and enforce this Order, and to modify and amend it as justice requires to achieve its equitable purposes.

Dated: New York, New York
      May ___, 2020

SO ORDERED.

_____

VERNON S. BRODERICK
United States District Court Judge
for the Southern District of New York

3