UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
JOHN STANISE,

              Plaintiff(s),

    v.                                      Case No.: 1:20-CV-02769-VSB

VICTOR LORIA,

              Defendant(s).
---------------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA

The Law Offices of Neal Brickman, P.C.
Neal Brickman, Esq.
Jason Stewart, Esq.
*Attorneys for Plaintiff John Stanise*
420 Lexington Avenue, Suite 2440
New York, New York 10170
Tel: (212) 986-6840
Fax: (212) 986-7691
Neal@Brickmanlaw.com
Jason@Brickmanlaw.com

# TABLE OF CONTENTS

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA**

PRELIMINARY STATEMENT………………………………………………….....   1

STATEMENT OF BACKGROUND FACTS…………………………………….....   4

ARGUMENT……………………………………………………………………..   6

    I.    DEFENDANT'S MOTION TO TRASNFER VENUE SHOULD BE DENIED………………………………………………………….....   6

        A. This Action was Properly Brought in This Court………………   6

        B. This Court Should Enforce the Forum Selection Clause………..   8

        C. Defendant Has Failed to Demonstrate Exceptional Facts Showing Why he Should Be Relieved From His Contractual Duty…………………………………………………...   9

        D. The Balance of Convenience and Interest of Justice Factors Do Not Support Transfer……………………………………………..   10

            1. New York is Proper Forum………………………………...   10

            2. Defendant Failed to Establish that Action Could Have Been Brought in Florida…………………………..   11

            3. Convenience of Witnesses Does Not Favor Transfer of this Case……………………………………….   12

CONCLUSION…………………………………………………………………...   13

## TABLE OF AUTHORITIES

**Cases:**

*Aguas Lenders Recovery Group v. Suez,*
    585 F.3d 696, 700 (2d Cir. 2009)………………………………………….. 8

*Akers Biosciences, Inc. v. Martin,*
    No. 14-cv-8241 (AJN), 2015 U.S. Dist. LEXIS 28970,
    2015 WL 1054971 (S.D.N.Y., Mar. 10, 2015)…………………………….. 8, 9

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.,*
    457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006)…………………………… 12

*American Motorists Ins. Co. v. Springs Indus., Inc.,*
    1991 U.S. Dist. LEXIS 10929, Civ. No. 91-2260,
    1991 WL 155777 (S.D.N.Y. Aug. 8, 1991)……………………………….... 12

*Atl. Marine Const. Co. v. U.S. Dist.* Court,
    571 U.S.49, 134 S. Ct. 568, 580 (2013)…………………………………….. 8, 9

*Ayers v. Arabian Amer. Oil Co.,*
    571 F. Supp. 707, 709 (S.D.N.Y. 1983)…………………………………… 6

*Bense v. Interstate Battery Sys. of Am., Inc.,*
    683 F.2d 718, 721-22 (2d Cir. 1982)……………………………………….. 6

*Berger v. Cushman & Wakefield of Pennsylvania, Inc.,*
    No. 12 Civ. 9224, 2013 U.S. Dist. LEXIS 122547,
    2013 WL 4565256, at *3 (S.D.N.Y. Aug. 28, 2013)……………………….. 11

*Brassica Prot. Products LLC v. Caudill Seed & Warehouse Co.,*
    07-cv-7844 (SAS), 2007 U.S. Dist. LEXIS 93418,
    2007 WL 4468655 (S.D.N.Y. Dec. 19, 2007)…………………………….... 9

*Cambridge Nutrition A.G. v. Fotheringham,*
    840 F. Supp. 299, 301 (S.D.N.Y. 1994)…………………………………… 8

*D'ull v. Kildeer Leasing, Inc.,*
    Civ. 1991 U.S. Dist. LEXIS 13549, No. 91-4515,
    1991 WL 206281, at *2 (S.D.N.Y. Sept. 27, 1991)…………………………. 12

*Effron v. Sun Line Cruises, Inc.,*
    67 F.3d 7, 9-10 (2d Cir. 1995)…………………………………………….. 6

*Elite Parfums, Ltd. v. Rivera*,
   872 F. Supp. 1269, 1271 (S.D.N.Y. 1995)............................................................ 8, 10, 11

*Factors Etc., Inc. v. Pro Arts Inc.*,
   579 F.2d 215, 218 (2d Cir. 1978)
   cert. denied, 440 U.S. 908, 59 L. Ed. 2d 455, 99 S. Ct. 1215 (1979).......... 6, 11

*Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*,
   865 F. 2d 513, 520 (2nd Cir. 1989)...................................................................... 12

*First Interstate Leasing Serv. v. Sagge*,
   697 F. Supp. 744, 747 (S.D.N.Y.1998).................................................................. 10

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947)..................... 6

*In re Collins*,
   438 F.Supp 2d at 394............................................................................................. 8

*Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*,
   6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998)............................................................... 7

*Mears v. Montgomery*,
   No. 02 Civ. 0407 (BSJ) (MHD), 2004 U.S. Dist. LEXIS 7836,
   2004 WL 964093, at *8 (S.D.N.Y. May 5, 2004)................................................ 7

*New Era Cap Co. v. Prinz Enters., LLC*,
   2008 U.S. Dist. LEXIS 15281 *,
   2008 WL 565490 (W.D.N.Y. Feb. 28, 2008)...................................................... 10

*Schwartz v. R.H. Macy's, Inc.*, 7
   91 F. Supp. 94, 95 (S.D.N.Y. 1992)....................................................................... 7

*Tomita Techs. USA, LLC v. Nintendo Co.*,
   818 F. Supp. 2d 770, 772 (S.D.N.Y. 2011).......................................................... 10

*TradeComet.com LLC v. Google, Inc.*,
   647 F.3d 472, 475 (2d Cir. 2011)........................................................................... 8

*Troyer v. Karcagi*,
   488 F. Supp. 1200, 1207 (S.D.N.Y. 1980)............................................................ 6

*Weiss v. Columbia Pictures Television, Inc.*,
   801 F. Supp. 1276, 1282 (S.D.N.Y. 1992)............................................................ 12

**Statutes:**

28 U.S.C. §1391(b)(2)……………………………………………………….....  1

28 U.S.C. § 1404(a)……………………………………………………….....  1, 2, 9, 11

Plaintiff, John Stanise, ("Plaintiff" or "Stanise"), respectfully submits this Memorandum of Law in opposition to the motion filed by defendant Victor Loria ("Defendant" or "Loria") to transfer this action, a dispute between the two equity partners of Lorstan Pharmaceutical, LLC ("Lorstan" or the "Company"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. §1391 (b)(2), a civil action may be "brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, Plaintiff selected an appropriate forum to litigate a dispute between himself and his business partner that concerns, among other things, Defendant's desire and intent to open medical offices in New York in violation of the Company's Operating Agreement (the "Agreement"). Within the Agreement, Paragraph 19.7 (b) states as follows:

> EACH PARTY HERETO **HEREBY SUBMITS TO** THE NON EXCLUSIVE **JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** AND OF ANY NEW YORK STATE COURT SITTING IN THE BOROUGH OF MANHATTAN FOR PURPOSES OF ALL LEGAL PROCEEDINGS ARISING OUT OF OR RELATING TO THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY. **EACH PARTY HERETO HEREBY WAIVES** TO THE FULLEST EXTENT PERMITTED BY LAW, **ANY OBJECTION** WHICH IT MAY NOW OR HEREAFTER HAVE **TO THE VENUE OF ANY SUCH PROCEEDING** BROUGHT IN SUCH ACCORD AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM. (emphasis added).

In selecting the appropriate forum for this suit, Plaintiff did nothing more than abide by the agreed upon terms of the Operating Agreement—a practice that has now become routinely unfamiliar to the Defendant. A plain reading of the Agreement spells out, in capitalized, bold letters, that the parties submit to the jurisdiction of the United State District Court for the Southern District of New York. Pursuant to that clause, each Party, including Loria, irrevocably waives, to the fullest extent permitted by law, any objections to the venue of any such proceeding brought in such accord. Nonetheless, Defendant now moves this Court, once again acting in violation of the Operating Agreement, objecting to this Court's venue and requesting to transfer venue to the United States District Court for the Southern District of Florida, pursuant to U.S.C. §1404(a). In submitting this request to the Court, Defendant, without submitting any attestation of fact, attempts to peddle a patently untrue argument that "this matter has no connection to New York." In support of his meritless motion, Loria improperly ignores the plain language of the Agreement, inaccurate details the operative facts, and completely misstates the relevant law.

This case involves claims for breach of contract and breach of fiduciary arising under an Operating Agreement which contains a forum selection clause whereby (1) both parties agreed to submit to the jurisdiction of the United States District Court for the Southern District of New York for matters arising under or related to the Agreement, and (2) agreed to waive objection to the venue of any proceeding brought in such court. Despite defendant's specious arguments and its attempts to ignore the dispositive language of the Agreement, the bottom line is that, in addition to the clause in the Operating Agreement pursuant to which Loria agreed not to dispute venue in New York—Defendant, Lorstan, and this dispute, have significant contacts with New York. Lorstan attempted to recruit licensee/doctors in New York, planned to build a lab in New York, and, but for Loria's interference, would have signed New York doctors to its standard License

Agreement. Loria is licensed to practice medicine in New York, committed contractual breaches and torts against Lorstan and Plaintiff in New York, and availed himself of a Court in New York to seek relief to open up a New York office. The nexus with New York could not be more compelling.

Defendant's motion now asks the court to (1) disregard the plaintiff's choice of forum, (2) to disregard the forum selection and waiver of objections to venue clauses in the controlling agreement and (3) to transfer this case to a forum preferred by defendant. However, the motion falls woefully short of meeting the heavy burden. In the Operating Agreement Defendant not only consented to have disputes related to the Agreement brought in this court, but also waived any and all objections to this venue. Despite these facts, Defendant is seeking to transfer this case simply because Florida is a more convenient forum for him and thereby impermissibly shift any inconvenience to Plaintiff.

Plaintiff's choice of forum—the forum set forth in the Agreement and to which the parties agreed to waive objection to--is entitled great deference, which may be overcome only if Defendant shows, by clear and convincing evidence, that the interests of justice, fairness and the balance of convenience favor Defendant's preferred venue. In this case, Defendant's do not make such a showing. Moreover, Defendant has the temerity to inconsistently ask this Court to issue him Preliminary Injunctive Relief allowing him to open up a New York office, while, at the same time, arguing that this dispute has no relationship to New York. For the reasons that follow, Plaintiff's choice of forum, which is indisputably proper, should not be abandoned simply because the Defendant would prefer a different court. Loria's attempt now to renege on the agreements he made when he signed the Operating Agreement should not be countenanced by this Court.

## STATEMENT OF BACKGROUND FACTS

This matter concerns claims for breach of contract and breach of fiduciary duty, brought by Plaintiff John Stanise against his business partner defendant Victor Loria. Stanise is the CEO and a 30% equity member of Lorstan where he shares managerial control equally with his business partner Loria. Stanise Declaration ¶ 4. The remaining membership units of the Company are held and controlled by Loria, a licensed cosmetic dermatologist. *Id.* ¶ 4. Defendant's assertion that the Company's principal place of business is in Florida is simply not true. Stanise resides in Connecticut and the Company's headquarters and business operations are located in Connecticut, where it maintains its only office, with all vendor invoices received into, and paid out of, that office. *Id.* ¶ 10. The Company has no office in Florida and none of its operations are conducted in that state. *Id.* ¶ 10. Loria operates a medical practice out of Florida and the only contact that Lorstan has with Florida is that the training of licensee physician takes place at Defendant's Florida-based Loria Medical offices. *Id.* ¶ 11.

The Company, a Delaware Limited Liability Company, was formed on or about May 19, 2016. *Id.* ¶ 6. Simultaneous with the formation of the Company, Stanise and Loria executed an Operating Agreement which set forth the terms upon which the Company would be operated. The Agreement has been amended three times. *Id.* ¶7. A true and accurate copy of the Agreement and each of the Amendments is annexed to the Stanise Declaration as Exhibit "A". ¶ 7. The underlying claims in this matter, for breach of contract and breach of fiduciary duty, arise out of the Defendant's conduct in direct violation of that Agreement and its Amendments, which collectively set forth the terms by which Lorstan Pharmaceutical, LLC and the respective partners would operate. One of the seminal breaches is Loria's attempt to open a New York office to compete with Lorstan.

Paragraph 19.7 (b) of the Agreement provides that each party waives, to the fullest extent permitted by law, any objection which he may now or hereafter have to the venue of any such proceeding brought in the United States District Court for the Southern District of New York and any claim that any such proceeding brought in said Court has been brought in an inconvenient forum. See Exhibit "A," Operating Agreement ¶ 19.7 (b). Despite express written agreement to the forum selection clause, Loria now asserts that this matter should be transferred to United States District Court for the Southern District of Florida based on his conclusory assertions that this matter has no connection to New York. The operative facts and Defendant's own actions make clear that New York is the proper forum to hear this matter. The Court need look no further than Defendant's companion motion for injunctive relief which concerns Loria's petition to this court to allow him to open a New York medical office. ¶ 15. The merits of this action concern whether Loria's actions in furtherance of his plan to open New York medical offices has breached the Operating Agreement. These actions include recruiting currently licensed and/or would be Lorstan doctors to work in a Loria Medical office to be located in New York, as part of a business plan to open multiple new Loria Medical offices and staff them with physicians operating under the Loria Medical brand in direct competition with Lorstan licensees physicians. ¶¶ 14, 16, 17, 18. This follows Lorstan's plan of recruiting New York based physicians and discussions and budgeting to build a new compounding lab in New York. ¶ 20. As these facts and issues are indisputably connected to New York, there is no question that New York is the proper forum to hear this dispute.

# ARGUMENT

## I. DEFENDANT'S MOTION TO TRANSFER VENUE SHOULD BE DENIED

### A. This Action Was Properly Brought in This Court

Venue in this court is indisputably proper. Both parties agreed to submit to the jurisdiction of this court and further waived any objection to venue in the unequivocal language in the Agreement. While in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought, the moving party bears the burden of establishing that there should be a change of venue. See *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978), cert. denied, 440 U.S. 908, 59 L. Ed. 2d 455, 99 S. Ct. 1215 (1979); *Troyer v. Karcagi*, 488 F. Supp. 1200, 1207 (S.D.N.Y. 1980). That burden is heavy: "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 67 S. Ct. 839 (1947); see also *Ayers v. Arabian Amer. Oil Co.*, 571 F. Supp. 707, 709 (S.D.N.Y. 1983) ("'absent a clear and convincing showing' that the balance of convenience favors the ultimate forum, discretionary transfers are not favored").

Furthermore, the Second Circuit has a strong policy of enforcing forum selection agreements, and "contractual forum-selection clauses will be enforced unless it can clearly be shown that enforcement 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 721-22 (2d Cir. 1982). In such cases, "it is irrelevant that venue also may be proper in other districts. See *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9-10 (2d Cir. 1995).

Nonetheless, assuming *arguendo* that this Court seeks to disregard the forum selection clause, which it should not, this Court has held that a plaintiff's choice of forum should not be

6

disturbed by the Court unless certain criteria weigh strongly in defendant's favor. *Schwartz v. R.H. Macy's, Inc.*, 791 F. Supp. 94, 95 (S.D.N.Y. 1992). Such criteria include, among others: the convenience of the parties and witnesses, location of counsel, the interests of justice, and the court's familiarity with the law to be applied. *Id.* The defendant moving for transfer must demonstrate "that transfer is in the best interests of the litigation," and must support the transfer application with an affidavit containing detailed factual statements relevant to the factors to be considered by the court including the potential principal witnesses expected to be called and a general statement of the substance of their testimony. *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998); see also *Mears v. Montgomery*, No. 02 Civ. 0407 (BSJ) (MHD), 2004 U.S. Dist. LEXIS 7836, 2004 WL 964093, (S.D.N.Y. May 5, 2004).

Here, Defendant has not included any declaration in support of this motion, and thus has wholly failed to meet this burden. For this reason alone, the motion must be denied. Notwithstanding this fatal flaw, the facts remain that multiple key non-party witnesses including would be licensee physicians solicited by the Defendant are based in New York (Dr. Mollura & Dr. Stoller). Both Plaintiff and Defendant – a doctor licensed to practice in the State of New York, with a hair replacement office in New York -- have New York counsel and the interest of justice are served by allowing a New York based Court to render any such future ruling with respect to enjoining the Defendant's efforts to open a New York based medical office in violation of the Operating Agreement. Defendant's red-herring argument that the Agreement requires the application of Delaware law is also of little consequence in the analysis, as the Southern District of New York is equally, if not more, proficient at applying the Laws of the State of Delaware as would the Defendant's preferred venue of Southern District of Florida. It is clear that the Defendant has failed to demonstrate that the balance of convenience favors defendants' choice and has not

met his burden of establishing that Plaintiffs' choice of forum—the forum set forth in the Operating Agreement—is inappropriate. As such, plaintiff's choice of forum must not be disturbed.

### B. The Court Should Enforce the Forum Selection Clause

The presence of a forum selection clause in a contract "means that, as a matter of law, the burden shifts to the [movant] to demonstrate exceptional facts explaining why he should be relieved from his contractual duty." *Elite Parfums, Ltd. v. Rivera*, 872 F. Supp. 1269, 1272 (S.D.N.Y. 1995).[1] Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances," *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011). "In all but the most unusual cases..., "the interest of justice" is served by holding parties to their bargain" and enforcing a forum selection provision. *Atl. Marine Const. Co. v. U.S. Dist.* Court, 571 U.S.49, 134 S. Ct. 568, 580 (2013).

The Second Circuit has recognized that the 'combination' of a permissive forum selection clause along with a waiver of an objection to venue, 'amounts to a mandatory forum selection clause at least where the plaintiff chooses the designated forum." *Aguas Lenders Recovery Group v. Suez*, 585 F.3d 696, 700 (2d Cir. 2009). In a case involving a similar forum selection clause/objection waiver as the one at issue here, the court denied defendant's transfer of venue motion finding that the forum selection clause in itself was sufficient to establish jurisdiction and venue in this Court. *Akers Biosciences, Inc. v. Martin*, No. 14-cv-8241 (AJN), 2015 U.S. Dist. LEXIS 28970, 2015 WL 1054971 (S.D.N.Y., Mar. 10, 2015). The *Akers* court found that although

---

[1] Where, as here, the contract at issue contains a valid and enforceable permissive forum selection clause, the court performs a more restrictive analysis of whether to transfer a case using a two-part analysis, examining whether the action might have been brought in the transferee court and whether "convenience of transfer and the interests of justice" warrant a transfer. *In re Collins*, 438 F.Supp 2d at 394. However, the permissive nature of the forum selection clause does not affect the weight it is given. See *Cambridge Nutrition A.G. v. Fotheringham*, 840 F. Supp. 299, 301 (S.D.N.Y. 1994).

8

the forum selection clause contained a "nonexclusive" forum selection, when combined with an express waiver of objection language it became mandatory. ("While it is true that '[f]or a forum selection clause to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language, it is well recognized that such a clause may nonetheless be mandatory where it 'combines permissive forum selection language with an express waiver of venue objections.'").

As these cases instruct, where, as here, there is a valid forum selection clause combined with a waiver of objection to forum, the forum selection is presumptively valid and should be upheld. Defendant's motion to transfer should be denied, without the necessity of any further analysis. See *Brassica Prot. Products LLC v. Caudill Seed & Warehouse Co.*, 07-cv-7844 (SAS), 2007 U.S. Dist. LEXIS 93418, 2007 WL 4468655 (S.D.N.Y. Dec. 19, 2007) (concluding that forum selection clause was entitled to "great weight" and that transfer was inappropriate despite the fact that parties and witnesses would be modestly inconvenienced by litigation in New York).

### C. Defendant Has Failed to Demonstrate Exceptional Facts Showing Why He Should Be Relieved from His Contractual Duty

The Supreme Court has made clear that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579, 187 L. Ed. 2d 487 (2013). Defendant has failed to show any exceptional circumstances to relieve him of his contractual agreement to subject himself to this court's jurisdiction. Exceptional circumstances do not include convenience of witnesses and location of documents, which are defendant's main reason for objecting to the venue. See *Akers, supra.*

D.  **The Balance of Convenience and Interest of Justice Factors Do Not Support Transfer**

Even in the absence of a valid forum selection clause a court should not disturb a plaintiff's choice of forum unless the defendant makes a clear and convincing showing that the balance of convenience favors defendants' choice. *New Era Cap Co. v. Prinz Enters., LLC,* 2008 U.S. Dist. LEXIS 15281 *, 2008 WL 565490 (W.D.N.Y. Feb. 28, 2008).

This action concerns defendant's breaches of the Agreement and his breach of fiduciary duty, the facts concerning which have their genesis in New York and which will have consequences in New York for the Company and the parties. This forum is convenient to the Plaintiff who both lives and works in Connecticut, as well as to the Company operations in Connecticut which is also where documents are located. See *Tomita Techs. USA, LLC v. Nintendo Co.,* 818 F. Supp. 2d 770, 772 (S.D.N.Y. 2011).

Moreover, Defendants waived any objection to the forum both in the Agreement and by availing himself of the jurisdiction of the court in his application for injunctive relief, He cannot now reasonably argue that litigation in this forum is inconvenient. See *Elite Parfums, Ltd. v. Rivera,* 872 F. Supp. 1269, 1272 (S.D.N.Y. 1995) ('[e]ven if the traveling were a serious inconvenience, it was contemplated by the parties when entering into the contract.") (quoting *First Interstate Leasing Serv. v. Sagge,* 697 F. Supp. 744, 747 (S.D.N.Y.1988).

1.  New York Is Proper Forum

Defendant argues in conclusory fashion that New York has no connection to this matter and that it should be transferred to Florida. This assertion flies in the face of the many facts that establish the multiple connections this case has to New York. First, as shown, the parties agreed to submit to the jurisdiction of this court and further waived any objection to venue. Second, the

10

merits of this case involve defendant's breaches of the Agreement, particularly his efforts to open a New York medical office in direct contravention of the terms of the Agreement. Third, Defendant has connections to New York, as he has a license to practice medicine in New York and did have an office in New York until he closed it in 2018 as part of his agreement *not* to operate a medical office in competition with Lorstan. Additionally, the gist of the underlying action concerns Loria's actions in contemplation of his opening a New York office, which included actively recruiting doctors in New York to sign them up as licensees to work for Loria in his New York office. In view of the incontrovertible fact that New York is the locus of the operative facts at issue, Defendant's argument that this forum has no connection to the underlying matter is fanciful. A transparent and inappropriate attempt to deceive the Court

   2.   Defendant Failed to Establish that Action Could Have Been Brought in Florida

Under § 1404(a), "the 'threshold question,' when determining whether transfer is appropriate, is whether the action could have been brought originally in the transferee forum." *Berger v. Cushman & Wakefield of Pennsylvania, Inc.*, No. 12 Civ. 9224, 2013 U.S. Dist. LEXIS 122547, 2013 WL 4565256, at *3 (S.D.N.Y. Aug. 28, 2013). Defendant's motion fails at the threshold because his conclusory assertions that this action could have been brought in Florida do not satisfy his burden of establishing that there should be a change of forum. " *Elite Parfums, Ltd. v. Rivera*, 872 F. Supp. 1269, 1271 (S.D.N.Y. 1995) (quoting *Factors Etc., Inc. v. Pro Arts Inc.*, 579 F.2d 215, 218 (2d Cir. 1978)). Defendant has not provided any declaration of asserted facts to support his argument that this action could have been brought in Florida. As the operative facts of the underlying issues occur in and impact New York, defendant has not shown that this action have any connection to , or nexus with, Florida.

3. <u>Convenience of Witnesses Does Not Favor Transfer of this Case</u>

The unsupported, generalized statements made by Loria regarding potential witnesses and the location of documents fails to meet his burden that the case should be transferred. A motion to transfer for the convenience of witnesses "must be accompanied by an affidavit containing 'detailed factual statements identifying the potential witnesses expected to be called and a general statement of the substance of their testimony…Absent such a showing, the motion should be denied.'" *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006).

Defendant has failed to include any declaration in support of this motion, let alone one that contains a list of potential witnesses and their proposed testimony.[2] Loria further fails to address why the presentation of the testimony of any potential witnesses by deposition would be inadequate. See, *Weiss, 801 F. Supp. at 1279*; *Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.,* 865 F. 2d 513, 520 (2nd Cir. 1989). On this ground alone, transfer of the case is not warranted. For all of the foregoing reasons, the "convenience of the parties" factor does not support a disregard of the Agreement's venue provision or a transfer of this case to Florida.

A motion to transfer a case to a different venue should not be granted when the result is merely to shift the inconvenience to the plaintiff," *D'ull v. Kildeer Leasing, Inc.,* Civ. 1991 U.S. Dist. LEXIS 13549, No. 91-4515, 1991 WL 206281, at *2 (S.D.N.Y. Sept. 27, 1991); *American Motorists Ins. Co. v. Springs Indus., Inc.*, 1991 U.S. Dist. LEXIS 10929, Civ. No. 91-2260, 1991 WL 155777 (S.D.N.Y. Aug. 8, 1991). Loria's motion is disingenuous and inappropriate. The Defendant's motion offers no rational basis as to why this matter should be moved to the District

---

[2] Even if defendant had named certain witnesses who could not be compelled to appear to testify in person at trial in New York, they can certainly be made to appear for deposition and, in most circumstances, that deposition testimony can be presented at trial. *Weiss,* 801 F. Supp. at 1279. Moreover, many of the witnesses are located in or around New York, including the two would be Lorstan licensee/doctors.

12

Court of Florida other than it is inconvenient for Loria—Loria's inconvenience standing as the sole factor for transfer falls woefully short of the movant's required burden, especially when such a motion is made in the face of a forum selection clause that waives objections to forum on the grounds of inconvenience.

## CONCLUSION

For the foregoing reasons, this Court should deny the Defendant's Motion and should retain jurisdiction over this matter in accordance with the clear, unambiguous terms of the forum selection clause in the Operating Agreement, to which Defendant agreed to be bound. In addition, the Court should sanction the Defendant, and his attorneys, for making this patently frivolous motion, based, as it is, on a completely erroneous and unverified statement of facts. Defendant's motion fails to even address the controlling body of case law concerning the clause in the Agreement waiving any objection that he may have to the venue as inconvenient. At the very least, Defendant, and his attorneys, should reimburse Plaintiff the costs, including reasonable attorneys' fees, he incurred in opposing this meritless motion.

Dated: New York, New York
May 19, 2020

                                      The Law Offices of Neal Brickman, P.C.
                                      *Attorneys for Plaintiff*

By: _____
       Neal Brickman
       Jason Stewart
       The Law Offices of Neal Brickman
       Neal Brickman
       Attorneys for Plaintiff
       420 Lexington Avenue, Suite 2440
       New York, New York 10170
       (212) 986-6840