UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Law Offices of Neal Brickman, P.C.
*Attorneys for Plaintiff-Respondent John Stanise*
420 Lexington Ave, Ste. 2440
New York, New York 10170
(212) 986-6840 (Telephone)
(212) 986-7691 (Fax)
ATTORNEYS OF RECORD:
    NEAL BRICKMAN, ESQ.
    JASON A. STEWART, ESQ.

---------------------------------------------------------------X

JOHN STANISE,

              Plaintiff,

Vs.

VICTOR LORIA,

              Defendant.

---------------------------------------------------------------X

Civil Action No.: 20-cv-2769-VSB

**NOTICE OF PLAINTIFF'S CROSS-MOTION SEEKING THE ENTRY OF TEMPORARY RESTRAINTS AND A PRELIMINARY INJUNCTION FOR THE PENDENCY OF THIS LITIGATION**

PLEASE TAKE NOTICE that, upon the annexed Declaration of John Stanise, sworn to on May 19, 2020, and the exhibits annexed thereto; the Memorandum of Law in Support of Plaintiff's Cross-Motion Seeking the Entry of Temporary Restraints and a Preliminary Injunction for the Pendency of this Litigation, and, all the pleadings and proceedings heretofore had herein, the undersigned will move this Court, before the Hon. Vernon S. Broderick, United States District Judge, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, at a date and time as the Court may direct, for an Order entering a Temporary Restraining Order and Preliminary Injunction, pursuant to Fed. R. Civ. P. 65(a) and (b).

Specifically, to avoid further future irreparable harm Defendant must be enjoined from the following:

a. Opening any medical offices in addition to his Miami office in violation of Paragraph 17.1 (b) as set forth in the First Amendment to the Company's Operating Agreement;

b. Pursuing directly or indirectly, other than through the Company, any commercial ventures derived from the introduction of Dr. Loria to any person by John Stanise in violation of Paragraph 17.1 (c) as set forth in the First Amendment to the Company's Operating Agreement;

c. Doing business with current Lorstan licensees or any physicians who are current potential future licensees away from the Company;

d. Refusing to make his pro rata capital contributions in accordance with the Operating Agreement; and

e. Taking further intentional actions, such as unilaterally closing the Company's Operating bank account, which hinder, delay or otherwise interfere with the business operation of the Company, including Defendant's refusal to fulfill his duties as medical advisor and/or otherwise preventing the compounding of the Company's patented pharmaceutical product by and for licensees' use.

Please take further notice that pursuant to Local Rule 6.1(b) responsive papers, if any, must be served within 14 days of service of the moving papers, and any reply papers shall be served within 7 days of service of the opposition papers.

Dated: New York, New York
May 19, 2020

Respectfully submitted,

THE LAW OFFICES OF NEAL BRICKMAN, P.C.
*Attorneys for Plaintiff*
420 Lexington Ave., Ste. 2440
New York, New York, 10170
(212) 986-6840

_____
Neal Brickman, Esq.
Jason A. Stewart, Esq.

TO:

**STONE & MAGNANINI LLP**
*Attorneys for Defendant Victor Loria*
100 Connell Drive, Suite 2200
Berkeley Heights, NJ 07922
(973) 218-1111
rmagnanini@stonemagnalaw.com