UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Law Offices of Neal Brickman, P.C.
*Attorneys for Plaintiff-Respondent John Stanise*
420 Lexington Ave, Ste. 2440
New York, New York 10170
(212) 986-6840 (Telephone)
(212) 986-7691 (Fax)
ATTORNEYS OF RECORD:
    JASON A. STEWART, ESQ.
    NEAL BRICKMAN, ESQ.

---------------------------------------------------------------X
JOHN STANISE,                          :
                                       :
       Plaintiff,                 :     **Civil Action No.: 20-cv-2769-VSB**
                                       :
Vs.                                    :
                                       :
                                       :
VICTOR LORIA,                          :
                                       :
       Defendant.                 :
---------------------------------------------------------------X

# DECLARATION OF JASON A. STEWART

JASON A. STEWART, being duly sworn, states:

1. I am associated with The Law Offices of Neal Brickman, P.C., attorneys for the Plaintiff in this action. I am duly licensed to practice law in the State of New York and within the Southern District of New York.

2. I make this Declaration in Support of Plaintiff's Application for Default Judgment by the Court against Defendant Victor Loria ("Loria").

3. Defendant Loria, not an infant, incompetent person, or person in military service or otherwise exempted from default judgment under the Soldiers' and Sailors Civil Relief Act of 1940.

1

4. On April 2, 2020, Plaintiff commenced suit by the filing of a Complaint against Loria. (Doc. No. 1). A copy of the Complaint is annexed hereto as Exhibit "A".

5. On April 6, 2020, an Electronic Summons was Issued as to Loria (Doc. No. 7).

6. Loria was personally served on April 8, 2020, with proof of such service having been filed on April 24, 2020. (Doc. No. 8). A copy of the Affidavit of Service is annexed hereto as Exhibit "B".

7. On April 24, 2020, Plaintiff, at Defendant's request, submitted a joint letter motion seeking an extension of time for Defendant to Answer until the mutually agreed upon date of May 15, 2020. (Doc. No. 9, 10)

8. The letter motion was granted by the Court on April 24, 2020 and extended Defendant's time to Answer until May 15, 2020. (Doc. No. 10).

9. On April 29, 2020 a Notice of Appearance was filed by Robert A. Magnanini on behalf of Victor Loria. (Doc. No. 11)

10. On May 4, 2020, Defendant filed, by Notice of Motion, a motion seeking to change to the United States District Court for the Southern District of Florida. (Doc. No 12).

11. Also on May 4, 2020, Defendant moved by notice of motion seeking a preliminary injunction. (Doc. No. 13).

12. On May 5, 2020, the Court Ordered that by close of business on May 6, 2020, the parties shall meet and confer on a briefing schedule for Defendant's motions and provide the Court with a joint letter setting forth that briefing schedule along with dates on which the parties would be available for a telephonic hearing on the motions. (Doc. No. 14).

13. On May 6, 2020, the parties met and conferred regarding a briefing schedule, were unable to agreed to a schedule or a joint letter and submitted separate letters stating that they could

not come to an agreement and setting forth their respective proposed briefing schedules. (Docs. 15, 16.) Because *inter alia* Defendant did not provide a compelling reason why his application should be heard on more accelerated schedule than the one set forth in his moving papers it was ordered that:

    a. By May 19, 2020 Plaintiff shall submit opposition to Defendant's Motions along with a proposed cross-motion for a temporary order and a preliminary injunction, (all of which Plaintiff has since filed as Doc. No.'s 18-23).

    b. By May 26, 2020 Defendant shall submit reply in support of his motions and submit opposition to the Plaintiff's cross-motion,

    c. By June 2, 2020, Plaintiff shall submit any reply in further support of his cross-motion.

14. A telephonic hearing on all pending motions shall be conducted on June 10, 2020 at 3:00 PM.

15. No part of the Court's Order dated May 7, 2020 extended or stayed the Defendant's time to Answer.

16. On May 22, 2020, Plaintiff submitted a Proposed Clerk's Certificate of Default and a Declaration in Support of the request for a Certificate of Default. (Docs. 24, 26).

17. On May 22, 2020, The Clerk of the Southern District of New York issued a Certificate of Default. (Doc. 27). A copy of which is annexed hereto as Exhibit "C".

18. On May 22, 2020, Defendant filed a late Answer without seeking leave of the Court. (Doc. No. 29).

19. The Plaintiff's Complaint sets forth requests for injunctive relief seeking, injunctive relief.

20. "The Court may issue an injunction on a motion for default judgment upon a showing by the moving party that it is entitled to injunctive relief under the applicable statute, and that it meets the prerequisites for the issuance of an injunction." *United States v. Thomas,* No. 18-CV-1104, 2019 U.S. Dist. LEXIS 2626, 2019 WL 121678, at *6 (E.D.N.Y. Jan. 7, 2019)

21. When liability has been established by default judgment, Court may issue a permanent injunction if (1) the applicable statute provides for injunctive relief, and (2) Plaintiff meets the prerequisites for the issuance of an injunction.; i.e. Plaintiffs must show that (1) the conduct sought to be enjoined will cause them irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) the balance of hardships between the parties warrants equitable relief; and (4) the public interest would not be disserved by a permanent injunction. WowWee Group, 2019 U.S. Dist. LEXIS 48408, 2019 WL 1316106, at *5 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)).

22. *Off-White LLC v. Warm House Store,* 2019 U.S. Dist. LEXIS 12482, 2019 WL 418501, at *6 (S.D.N.Y. Jan. 17, 2019)( Court granted default judgment where defendant failed to appear or answer complaint; court simultaneously granted permanent injunction where plaintiff demonstrated it was entitled to relief ).

23. Specifically, to avoid further future irreparable harm Plaintiff requests that Defendant be enjoined from the following:

   a. Opening new medical offices in violation of Paragraph 17.1 (b) as set forth in the Second Amendment;

   b. Pursuing directly or indirectly, other than through the Company, any commercial ventures derived from the introduction of Dr. Loria to any person

       by John Stanise in violation of Paragraph 17.1 (c) as set forth in the Second Amendment;

    c. Doing business with current Lorstan licensees or any physicians who are current potential future licensees away from the Company; and

    d. Taking further intentional actions which hinder, delay or otherwise interfere with the business operation of the Company, including Defendant's refusal to fulfill his duties as Chief Medical Officer and/or otherwise preventing the compounding of the Company's patented pharmaceutical product by and for licensees' use.

24. This default sought by Plaintiff is applicable to all defendants (Loria) and the Court may appropriately order a default judgment on the issue of damages with respect to the injunctive relief without the need for inquest.

25. With respect to the proposed economic damages, the Plaintiff sets forth a request for economic damages consistent with his belief as to the value of the intellectual property and future anticipated earnings and marketability of Lorstan. An inquest would be the most appropriate means to fix the economic damages which Plaintiff is entitled to. It is submitted that all such economic damages should include but are not limited to costs and attorney's fees.

Dated: May 22, 2020
      New York, New York

                                                        /s/ Jason A. Stewart
                                                        Jason A. Stewart