Robert A. Magnanini, Esq.
STONE & MAGNANINI LLP
100 Connell Drive, Suite 2200
Berkeley Heights, NJ 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
*Attorneys for Defendant-Movant Victor Loria, D.O.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN STANISE, <br><br>          Plaintiff, <br><br>     v. <br><br> VICTOR LORIA, <br><br>          Defendant. | Civil Action No. 20-cv-2769 |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT VICTOR LORIA'S MOTION TO TRANSFER VENUE**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT .............................................................................................. 1
SUPPLEMENTAL STATEMENT OF FACTS ...................................................................... 2
ARGUMENT ............................................................................................................................. 5
    I.    Plaintiff Purposely Ignores the Plain Language of the Operating Agreement and Patent Assignment Demonstrating this Matter's Clear Connection to Florida .............................................................................. 5
    II.   Plaintiff Incorrectly Asserts that Lorstan's Company Operations Occur Only in Connecticut ............................................................................. 7
   III.   Plaintiff Fails to Show that Dr. Loria Has Sufficient Connections to New York for Venue to be Appropriate ................................................... 8
   IV.   This Matter Should be Transferred to the United States District Court for the Southern District of Florida Pursuant to 28 U.S.C § 1404(a) ..... 9
CONCLUSION ......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**CASES**

*Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*,
   571 U.S. 49 (2013) ..........................................................................................................9

*ICICI Bank, Ltd. v. Essar Global Fund Ltd.*,
   565 B.R. 241 (S.D.N.Y. 2017) ........................................................................................ 9

*POSVEN v. Liberty Mut. Ins. Co.*,
   303 F.Supp.2d 391 (S.D.N.Y. 2004) ............................................................................... 9

**STATUTES**

28 U.S.C. § 1332 ........................................................................................................................ 9

## **PRELIMINARY STATEMENT**

In Defendant Victor Loria's ("Dr. Loria") opening brief, he argued that the Court should transfer this matter to the Southern District of Florida because Lorstan Pharmaceutical LLC ("Lorstan") has no connections to New York.  Noting that this case involves one party from Connecticut and another from Florida, in a dispute over a Delaware limited liability company domiciled in Florida, applying the law of Delaware, Dr. Loria argued that this Court, bearing virtually no connection to this case, was not an appropriate venue.  Instead, this matter should be before the United States District Court for the Southern District of Florida.

Plaintiff, John Stanise ("Plaintiff"), faced with the overwhelming evidence of this matter's connection to Florida, including the very Lorstan Operating Agreement he continually relies on, employed the only tool he had remaining, misdirection.  Plaintiff's brief attempted to obscure the matter's obvious connection to Florida from this Court.  The brief contended that Lorstan, despite its Operating Agreement listing an address in Doral, Florida as its principal place of business, had no presence in Florida.  Plaintiff ignored the fact that Dr. Loria developed the technology at the heart of Lorstan's operations in Miami, Florida.  He turned a blind eye to the fact that Dr. Loria and his personnel had trained all of Lorstan's licensee physicians in Miami, Florida.  Plaintiff seemingly forgot that he is the registered agent and part owner of FL Facilities Rental LLC, the entity through which Lorstan rents space for a compounding laboratory in Jacksonville, Florida.  Where documentary evidence rebutted Plaintiff's charges, he simply ignored or redacted it.

Plaintiff's attempts at obscuring these facts have failed.  This matter's unequivocal connection to Florida cannot be denied.  The virtually nonexistent connection this case has with the State of New York renders its current venue inappropriate.  Accordingly, Dr. Loria

1

respectfully requests that the Court enter an Order granting his Motion to Transfer Venue to the United States District Court for the Southern District of Florida.

## SUPPLEMENTAL STATEMENT OF FACTS

Dr. Loria provides the following Supplemental Statement of Facts to rebut the misrepresentations set forth in Plaintiff's Memorandum of Law in Opposition to Loria's Motion to Transfer Venue.

Paragraph 2.5 of the Operating Agreement for Lorstan states that Lorstan's Principal Office is located at 10773 NW 58th Street, Suite 751 Doral, FL 33178.  The Lorstan Board of Representatives, consisting of Stanise and Dr. Loria, has never passed a resolution moving the Lorstan Principal Office to Connecticut.  *See* Supplemental Declaration of Dr. Victor Loria ("Suppl. Loria Dec.") ¶ 6.  Lorstan's bank account was originally opened at a Wells Fargo Bank in Doral, Florida until it was closed in April, 2020.  *Id.* at ¶ 27.

Dr. Loria trains all of the licensee physicians at Loria Medical in Miami, Florida, although he is sometimes assisted by his medical assistant Miguel Gonzalez, who also assists in training and supporting Lorstan's pharmacist.  *Id.* at ¶ 7.  Dr. Loria also employs Emily Fernandez and Carlos Ferrar to assist in the operations at Loria Medical in Miami, Florida.  *Id.*  When Lorstan licensee-physicians complete their training with Dr. Loria in Florida, they use documents from Loria Medical's office in Miami in providing the silicone oil treatment.  *Id.*  Those documents include medical history forms and consent forms.  *Id.*

Florida is the nerve center of Lorstan.  *Id.* at ¶ 8.  While Connecticut is the back office for Lorstan's administrative operations, it was in Florida that Dr. Loria developed the intellectual property employed by Lorstan in its operations, including the silicone oil patent and the

compounding formula. *Id.* Dr. Loria even used the Loria Medical compounding lab in Miami to develop the compounding method for the Patented Silicone Product. *Id.*

Dr. Loria has not performed male enhancement services in the State of New York since Dr. Loria temporarily suspended operations at Loria Medical's New York location in May 2018. *Id.* at ¶ 9. Since then, Dr. Loria did maintain both the Loria Medical corporate license in New York and his personal New York medical license. *Id.* Although Dr. Loria did briefly open an unrelated office in Huntington, New York focused on hair restoration procedures in 2018, that facility was staffed by other medical personnel and was closed due to the added expense caused by the COVID-19 pandemic. *Id.* Dr. Loria did not travel to New York to perform hair restoration procedures. *Id.*

Frequent travel to New York for the purposes of this litigation would be detrimental for Dr. Loria's Florida-based practice, his Florida-based employees, Lorstan's employees in Connecticut (70% of whose wages Dr. Loria is responsible for), and Dr. Loria himself. *Id.* Even Plaintiff Stanise resides outside New York in Connecticut.

Dr. Loria and Plaintiff are also co-owners of FL Facilities Rental, LLC. *Id.* at ¶ 10. FL Facilities Rental, LLC is a limited liability company with a principal office located at 1717 Blanding Boulevard, Suite 102, Jacksonville, Florida 32210, through which Lorstan rents property in Florida. *Id.* Strangely, Plaintiff's brief fails to mention that Plaintiff is the registered agent of FL Facilities Rental, LLC, using a Florida address as his mailing address. *Id.* FL Facilities Rental, LLC is the tenant recorded on the lease of a property at the above-referenced Jacksonville, Florida address which has been converted into a compounding laboratory for Lorstan. *Id.*

Dr. Loria has attached several exhibits to his declaration.  Among them are a June 24, 2016 email correspondence during the formation of Lorstan between himself and Plaintiff demonstrating the opening of Lorstan Bank accounts in Florida. *Id.* at ¶ 11, **Exhibit A**.  Also included is a January 15, 2019 email correspondence between Plaintiff and Dr. Loria demonstrating the split of the Lorstan headquarters office in Florida and the Lorstan back office operations in Connecticut, as well as Plaintiff's intention to move to Florida himself in the future.  *Id.* at ¶ 12, **Exhibit B**.  This is not an unfamiliar arrangement – for example many of New York City's large banking institutions (Goldman Sachs), insurance companies (MetLife), and law firms split their administrative operations to satellite offices in New Jersey or Long Island, while keeping their customer facing units and principal places of business in New York City.  Here, Stanise runs Lorstan's administrative operations out of Connecticut, while Dr. Loria handles Lorstan's licensee-physician facing interactions out of Florida.

Dr. Loria has also provided a true and accurate copy of the Electronic Articles of Organization for FL Facilities Rental, LLC, *Id.* at ¶ 13, **Exhibit C**, and a true and accurate copy of the Limited Liability Company Operating Agreement for FL Facilities Rental, LLC, *Id.* at ¶ 14, **Exhibit D**.  In addition, Dr. Loria has provided a true and accurate copy of the Lease between FL Facilities Rental, LLC and Brian Phillips Properties, LLC for the Lorstan laboratory premises located at 1717 Blanding Blvd., Suite 102, Jacksonville, Florida 32210.  *Id.* at ¶ 15, **Exhibit E**.  The Lease demonstrates that Lorstan has a Florida laboratory where it leases space from another company owned by Dr. Loria and Plaintiff.  *Id.*.  However, Lorstan, has no laboratory nor any other business location in New York. *Id.* at ¶ 14.  Finally, there is a true and accurate copy of the unredacted Patent Assignment from Dr. Loria to Lorstan.  *Id.* at ¶ 16, **Exhibit F**.  As the Court will notice, the unredacted Patent Assignment lists Lorstan's Florida

address as the company's principal office, unlike Exhibit C to Stanise's Declaration (Dkt. No. 21) which has Lorstan's Florida address conspicuously redacted. *Id.* at ¶ 16.

## ARGUMENT

### I. Plaintiff Purposely Ignores the Plain Language of the Operating Agreement and Patent Assignment Demonstrating this Matter's Clear Connection to Florida

Despite Plaintiff's feigned insistence that the terms of the Operating Agreement are controlling, he does not hesitate to ignore any language contradictory to his flawed claims. Instead Plaintiff's argument relies on misdirection, cherry-picking language from the Operating Agreement that supports his arguments while tiptoeing around anything less useful.

Most glaring is the fact that Plaintiff insists that Lorstan's principal place of business is in Connecticut. That contention is directly contradicted by Paragraph 2.5 of the Operating Agreement itself which states in no uncertain terms that "[t]he principal office of the Company (the "Principal Office") shall be located at 10773 NW 58th Street, Suite 751 Doral, FL 33178." Suppl. Loria Dec. at ¶ 6. Although that Doral, Florida location is a UPS store, the functional headquarters of Lorstan is (and always has been) the Loria Medical office in Miami, Florida. *Id.* Indeed, since Dr. Loria is the majority owner of Lorstan, he developed the Patented Silicone Product at that location, he trains Lorstan's licensee-physicians there, and his Florida employees have dedicated countless hours to assisting Lorstan. *Id.*

Plaintiff's adherence to the letter of the Operating Agreement stops just short of where it unequivocally rebuts his claims. Indeed, Paragraph 2.5 even permits the principal office to be relocated based on proper action by Lorstan's Board of Representatives. Nevertheless, Plaintiff provides no evidence demonstrating that such a measure was passed or even considered. *Id.* Instead, Plaintiff argues that Lorstan is headquartered in Connecticut, despite attaching an exhibit to his declaration that immediately rebuts his argument.

5

The Operating Agreement is not the only document confirming that Lorstan has its physical location in Florida.  In a June 24, 2016 email, Plaintiff acknowledge that Lorstan had its bank account in Florida.  *Id.* at ¶ 11, **Exhibit A**.  Then, again three years later and prior to the current dispute, in a January 15, 2019 email, Plaintiff acknowledged Lorstan's Doral, Florida address.  *Id.* at ¶ 12, **Exhibit B**.  Indeed, Plaintiff even wrote to Dr. Loria that he planned on "taking up residency" in Florida when revenue for Lorstan grew to a certain level.  *Id.*  Plaintiff discusses a 5 River Road, Suite 211, Wilton, CT 06897 address for Lorstan, which he states is another UPS office, but, tellingly, never provides any New York location for Lorstan.  *Id.*  Moreover, Plaintiff shares an ownership interest with Dr. Loria in FL Facilities Rental, LLC, a Florida limited liability company established for the leasing of laboratory and training facilities in Florida with a principal office located at 1717 Blanding Boulevard, Suite 102, Jacksonville, Florida 32210.  *Id.* at ¶ 10; ¶ 13, **Exhibit C**; ¶ 14, **Exhibit D**.  Plaintiff is even listed as the registered agent for FL Facilities Rental, LLC, and uses the same street address as FL Facilities Rental, LLC.  *Id.* at ¶ 14, **Exhibit D.**  FL Facilities Rental, LLC is the entity through which Lorstan rented the property that now houses the Lorstan Jacksonville compounding laboratory.  *Id.* at ¶ 10; ¶ 15, **Exhibit E**.

In the most egregious example of Plaintiff's campaign to avoid truth, he attached to his Declaration in opposition to Dr. Loria's Motion for Preliminary Injunction a copy of the Patent Assignment between Lorstan and Dr. Loria which has the address for Lorstan conspicuously redacted.  In the true and accurate copy of the Patent Assignment attached to Dr. Loria's Supplemental Declaration in support of this motion, the address of 10773 NW 58th Street, Suite 751, Doral, FL 33178 is clearly visible as the principal office for Lorstan.  *Id.* at ¶ 16, **Exhibit F**.  Again Plaintiff's brief attempts to obscure facts which bely his arguments.

## II.   Plaintiff Incorrectly Asserts that Lorstan's Company Operations Occur only in Connecticut

Plaintiff also inaccurately contends that Lorstan maintains its only office in Connecticut and that only limited Lorstan operations take place in Florida.  Again, Plaintiff makes arguments in his brief that he actually rebuts in his own Declaration.  In Paragraph 11 of his Declaration, Plaintiff concedes that "licensee physician training" takes place at Dr. Loria's "Florida-based Loria Medical offices."  Plaintiff openly admits that Dr. Loria's Miami, Florida office, which performs significant duties for Lorstan, is where Dr. Loria trains licensee-physicians to employ the Patented Silicone Product, the only product sold by Lorstan, at the heart of this litigation.  Dr. Loria's in-person training of licensees is the very backbone of Lorstan's operation.  Without trained physicians to purchase and use Lorstan's product, Lorstan has nothing to sell.  Plaintiff's contention that Connecticut is the sole locus of all offices and operations associated with Lorstan is blatantly false, and again undercut by his own Declaration.

Furthermore, training of licensees is not the only pivotal Lorstan operation that occurs in Florida.  Florida is Lorstan's nerve center.  *Id.* at ¶ 8.  Dr. Loria developed the Patented Silicone Product in Florida.  *Id.*  Dr. Loria not only designed the compounding formula for the Patented Silicone Product in Florida, but also utilized the compounding lab in the Miami Loria Medical office to develop Lorstan's compounding method as well.  As noted above, Lorstan has a compounding laboratory in Jacksonville, Florida, thus meaning it has two locations performing key tasks in Florida.  *Id.*  Without Lorstan's operations in Florida, Lorstan would have no product to sell.

Moreover, despite Plaintiff's contentions to the contrary, Florida is the home of myriad documents central to Lorstan's operations and personnel working for Lorstan.  In particular, Dr. Loria employs Emily Fernandez, Carlos Ferrar, and Miguel Gonzalez in his Loria Medical office

7

in Miami, Florida.  *Id.* at ¶ 7.  Aside from fulfilling their duties for Loria Medical, Dr. Loria has delegated to Fernandez, Ferrar, and Gonzalez the responsibility of overseeing and organizing elements of the training of licensee-physicians and train and assist the Lorstan pharmacist that have been recruited by Lorstan.  *Id.*  Lorstan's licensee physicians then use medical documents—including medical history sheets and consent forms—from Loria Medical in Florida in the provision of silicone oil treatments.  *Id.*  Undoubtedly, Florida is the center of Lorstan's operations.

### III. Plaintiff Fails to Show that Dr. Loria Has Sufficient Connections to New York for Venue to be Appropriate

Plaintiff harps on the allegation that Dr. Loria **planned** to construct an office in New York that he believes was meant to compete with Lorstan in the male enhancement area. Plaintiff insists that Dr. Loria **planned** on recruiting New York doctors to work for Loria Medical, his personal business, and compete with Lorstan in male enhancement.  Those arguments are speculative.  Dr. Loria's potential, unrealized plans regarding the development of his male enhancement practice should not be the basis for finding venue appropriate in this Court.

Instead, the only actual connections this matter has to New York are the fact that Dr. Loria is licensed to practice medicine in the State of New York (which he has been since 1992), he formerly had a Loria Medical office in New York performing male enhancement procedures, and he more recently had a hair restoration office (staffed by other medical personnel – not him) in New York which was closed due to the pandemic.  These facts are made inconsequential by Plaintiff's own admission that Dr. Loria (a) resides in Florida and (b) completes the training of Lorstan licensee physicians in Florida as well.  It makes little sense that this matter – involving a

8

Connecticut resident, a Florida resident, and no Lorstan operations in New York – would be venued in the Southern District of New York.

### IV.  This Matter Should be Transferred to the United States District Court for the Southern District of Florida Pursuant to 28 U.S.C. § 1404(a)

"In considering a motion to transfer venue under § 1404(a), a district court first must determine whether the case could have been brought in the proposed transferee district." *ICICI Bank, Ltd. v. Essar Global Fund Ltd.*, 565 B.R. 241, 250 (S.D.N.Y. 2017) (citing *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F.Supp.2d 282, 285 (S.D.N.Y. 2004).  "If the case could properly have been filed in the proposed transferee district, the court determines whether transfer actually is appropriate by weighing various private- and public-interest factors." *Id.*  Where the matter involves a forum-selection clause, those public interest factors include "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 62 n.6 (2013) (quoting *Piper Aircraft Co v. Revno*, 454 U.S. 235, 241 N.6 (1981)).

An action "might have been brought" in a district if, when the action was filed, subject matter jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court. *POSVEN v. Liberty Mut. Ins. Co.*, 303 F.Supp.2d 391, 401 (S.D.N.Y. 2004).  The forum-selection clause at issue is permissive, and therefore this matter could have been initiated appropriately in the Southern District of Florida, where Dr. Loria and Lorstan are located.  Subject mater jurisdiction exists in the Southern District of Florida based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Plaintiff alleges an amount in controversy exceeding $75,000.  The Court has personal jurisdiction over Dr. Loria as a Florida resident.  Lastly, as

9

articulated above, venue is appropriate in Florida since Lorstan has it's principal office in Florida and Loria is a Florida resident.

Also, Florida necessarily has an interest in this litigation. It involves a contractual dispute among the partners of a limited liability company domiciled in Florida and a defendant with a majority ownership interest in that limited liability company who himself is a resident of Florida. Witnesses with key insight into this litigation (Loria Medical staff who provide services for Lorstan) also work and reside in Florida. Delaware corporate law is regularly applied and interpreted in all federal courts, making the Southern District of Florida no less capable of properly and appropriately considering the allegations underlying this litigation. Finally, as a matter of practicality, the Southern District of New York, tasked with resolving litigation encompassing myriad and complex legal issues in the nation's most densely populated region, would be reducing that congestion by transferring this case to the Southern District of Florida. When considered in their totality, these factors militate toward transferring this case to the Southern District of Florida.

## CONCLUSION

For the foregoing reasons, Defendant Victor Loria respectfully requests that the District Court issue an Order granting Loria's Motion to Transfer Venue.

Dated: New York, New York
May 26, 2020

              Respectfully submitted,

              By: */s/ Robert A. Magnanini*
              Robert A. Magnanini
              **STONE & MAGNANINI LLOP**
              100 Connell Drive, Suite 2200
              Berkeley Heights, NJ 07922
              (973) 218-1111
              rmagnanini@stonemagnalaw.com
              *Attorneys for Defendant*

## **DECLARATION OF SERVICE**

I hereby certify that on this date, I caused to be served on all counsel of record, electronically via the Court's electronic filing system, a true and correct copy of the foregoing, Reply Brief in Support of Defendant's Motion to Transfer Venue.

Dated: New York, New York
      May 26, 2020

                                      Respectfully submitted,

                                      By: *s/ Robert A. Magnanini*
                                      Robert A. Magnanini, Esq.
                                      **STONE & MAGNANINI LLP**
                                      100 Connell Drive, Suite 2200
                                      Berkeley Heights, NJ 07922
                                      Tel: (973) 218-1111
                                      Fax: (973) 2181106
                                      rmagnanini@stonemagnalaw.com

                                      *Attorneys for Defendant Victor Loria*