Robert A. Magnanini, Esq.
STONE & MAGNANINI LLP
100 Connell Drive, Suite 2200
Berkeley Heights, NJ 07922
Tel: (973) 218-1111
Fax: (973) 218-1106
*Attorneys for Defendant-Movant Victor Loria, D.O.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN STANISE, | Civil Action No. 20-cv-2769 |
| Plaintiff, | |
| v. | |
| VICTOR LORIA, | |
| Defendant. | |

**DEFENDANT VICTOR LORIA'S REPLY MEMORANDUM OF LAW TO PLAINTIFF STANISE'S OPPOSITION TO DEFENDANT LORIA'S MOTION FOR TEMPORARY RESTRAINTS AND THE ISSUANCE OF A PRELIMINARY INJUNCTION**

## ARGUMENT

**I.  DR. LORIA IS THE MAJORITY OWNER OF LORSTAN AND THE SEPARATE COMPANIES THAT OWN THE LORSTAN OPERATED LABORATORIES – HE SHOULD NOT BE DENIED PHYSICAL ACCESS TO THESE SITES BY MINORITY OWNER STANISE.**

Picking a strange hill to die on, in his papers John Stanise ("Stanise") admits that Lorstan Pharmaceutical LLC ("Lorstan") operates four labs in California, Texas, Georgia, and Florida. Stanise Br., Dkt. No. 22, p. 3. He also admits that Victor Loria ("Dr. Loria") is the 70% owner of Lorstan. *Id.* at p. 2. Stanise further admits that the separate entities that own the Lorstan-operated labs are also owned by Dr. Loria and Stanise according to that same 70/30% division. *Id.* at p. 4 (citing Stanise Decl., Dkt. No. 21, ¶ 16). Yet Stanise still claims that Dr. Loria, the majority owner of the company that operates the labs and the separate companies that own the labs, is not entitled to the most basic form of access – keys/access codes to the physical laboratories. Stanise Br., Dkt. No. 22, p. 6. Setting aside Dr. Loria's role as Lorstan's Chief Medical Officer ("CMO"), and the inventor and patent holder of the only product Lorstan sells as well as the primary trainer of the doctors who purchase and utilize Lorstan's product in their practices, what right does a minority owner who has no medical training and holds no medical license have to deny access to the facilities that he is the majority owner and operator of?

Stanise makes the bizarre claim that Dr. Loria should be denied access to the labs because he only recently requested it, and there must be some nefarious purpose behind his request – such as a desire to destroy company property. *Id.* at p. 6. Yet the Lorstan Operating Agreement does not curtail Dr. Loria's right to access company labs, and Dr. Loria owns 70% of the very labs he is being denied access to – logic defies the idea that he would seek to destroy something that he owns. Furthermore, Dr. Loria recently contributed $48,000 for Lorstan's laboratories to purchase needed equipment. Supplemental Declaration of Dr. Loria (" Suppl. Loria Dec."), ¶ 31.

1

Dr. Loria seeks access to the laboratories because Stanise has wrested control of Lorstan and its labs from Dr. Loria, has denied Dr. Loria his ability to operate as the company's CMO, and Dr. Loria is no longer willing to tolerate being locked out of facilities that he is the majority owner of and has paid the majority of the capital for.  This is not some kind of conspiracy or plot to destroy Lorstan-operated facilities, this is Dr. Loria attempting to gain a measure of control over a minority owner run amuck.

## II.   DR. LORIA'S CONCERN WITH PATIENT HEALTH IS NOT A "RED-HERRING" – IT IS HIS DUTY AS A LICENSED PHYSICIAN AND CHIEF MEDICAL OFFICER OF LORSTAN.

Stanise next claims that Dr. Loria's concern with patient health as outlined in his moving papers is a "red-herring," posited only to harm Lorstan's business so that Dr. Loria can divert opportunities from Lorstan to Dr. Loria's separate medical office, Loria Medical.  Stanise Br., Dkt. No. 22, p. 5.  Such an argument is evident of Stanise's misdirection and profits-before-patients attitude.  Dr. Loria – the inventor of the Patented Silicone Product that Lorstan's compound pharmacist works with licensee-physicians to produce for use on patients – has been completely locked out of the production process in recent months.  Indeed, as Stanise readily admits, over Dr. Loria's objection he "retained independent experts to certify all labs" and Dr. Loria (Lorstan's CMO) has been allowed "no role or responsibility in this regard." *Id.* at p. 5.  This is the exact problem that Dr. Loria has complained of.  Stanise – an accountant by trade – has taken it upon himself to overrule the desire of Lorstan's CMO and majority owner to hire purported "independent experts" to do medical work within the purview of Dr. Loria.  Stanise had no right to take these actions without Dr. Loria's express permission and input.  Suppl. Loria Dec., ¶ 32.  Dr. Loria is rightfully concerned about whether these actions might endanger end-users of the Lorstan Patented Silicone Product.

Regardless of the existence of hold harmless provisions, Stanise is surely aware of the vagaries and inherent risks of litigation.  A lawsuit against Lorstan by an aggrieved patient – which would inevitably include Dr. Loria personally even if he is held harmless – would damage Dr. Loria's professional and business reputation, effect his medical license or malpractice insurance, and lead to a significant waste of Dr. Loria's time and resources when he could otherwise be focused on the success of Lorstan and his separate medical practice. *Register.com v. Verico, Inc.*, 356 F.3d 393 (2d Cir. 2004) (holding that loss of reputation and goodwill, among other things, is "impossible to estimate 'with any precision'" and constitutes irreparable harm).  This is not a "red herring", but the reality of litigation.  Therefore, it is of significant importance that before Stanise, through Lorstan, restarts operations of the company that Dr. Loria is majority owner and CMO of, making the product that Dr. Loria is the inventor of, that Dr. Loria be given complete access to the company's medical operations so that he can ensure that product quality is appropriate and safe.

### III.  DR. LORIA FACES FINANCIAL HARDSHIP IF FORCED TO CONTINUE TO FOOT THE BILL FOR LORSTAN WITHOUT EXPANDING THE OPERATIONS OF HIS SEPARATE LORIA MEDICAL COMPANY.

Lorstan is not a profitable company, and Dr. Loria has been subsidizing its operations since its inception in 2016.  Loria Decl., Dkt. No. 13-2, at ¶ 27; *see also* Ex. G to the Suppl. Loria Dec (attaching Dr. Loria's K-1 financial forms from Lorstan and showing his contributions and the company's losses).  Part of the reason for Dr. Loria's frustration is that Stanise appears to be in no rush to end the gravy train that Lorstan has become for him, while at the same time limiting Dr. Loria's ability to make a living, forcing Dr. Loria to put more time and money into Lorstan.  As set forth in Dr. Loria's moving papers, so that he can continue to earn the income necessary to fund and operate Lorstan, Dr. Loria needs to be allowed a limited expansion of Loria Medical,

which is his major source of income. Loria Decl., Dkt. No. 13-2, ¶ 28. By following the design set forth in Dr. Loria's moving papers, this limited expansion of Loria Medical will (a) not compete with Lorstan, and (b) instead create additional income for Lorstan by making Dr. Loria a Lorstan-licensee physician. Stanise, a minority owner of Lorstan, should not be allowed veto rights over Dr. Loria's ability to operate his separate company in such a way where it does not meaningfully impact Lorstan in a negative fashion (indeed, the net impact will be positive). Nor should Dr. Loria be denied the right to become a licensee of the company that he is majority owner of.

## CONCLUSION

For the reasons set forth above, Dr. Loria requests that the Court enter a preliminary injunction against Stanise as per Dr. Loria's proposed form of order and moving papers. Specifically, Dr. Loria requests entry of temporary restraints and a preliminary injunction regarding the following: (1) that Dr. Loria be allowed to continue to function as the CMO of Lorstan without Stanise's interference so as to ensure appropriate medical oversight over the company's compounding labs and products; (2) that Dr. Loria be allowed to re-open his temporarily closed New York male enhancement medical office; (3) that Dr. Loria be allowed to open additional office locations whereby he will act as a Lorstan-licensee physician and pay Lorstan for access to Lorstan's Patented Silicone Product (which Dr. Loria personally invented); and (4) that Stanise and the other employees of Lorstan, of which Loria pays 70% of their salaries, continue to perform the duties they voluntarily contracted for and are paid to perform.

Dated: New York, New York
May 26, 2020

                                                Respectfully submitted,

                                                By: */s/ Robert A. Magnanini*
                                                Robert A. Magnanini
                                                **STONE & MAGNANINI LLOP**
                                                100 Connell Drive, Suite 2200
                                                Berkeley Heights, NJ 07922
                                                (973) 218-1111
                                                rmagnanini@stonemagnalaw.com
                                                *Attorneys for Defendant*

## **DECLARATION OF SERVICE**

I hereby certify that on this date, I caused to be served on all counsel of record, electronically via the Court's electronic filing system, a true and correct copy of the foregoing, Reply Brief in Support of Defendant's Motion Seeking the Entry of Temporary Restraints and a Preliminary Injunction for the Pendency of this Litigation.

Dated: New York, New York
       May 26, 2020

                                         Respectfully submitted,

                                         By: *s/ Robert A. Magnanini*
                                         Robert A. Magnanini, Esq.
                                         **STONE & MAGNANINI LLP**
                                         100 Connell Drive, Suite 2200
                                         Berkeley Heights, NJ 07922
                                         Tel: (973) 218-1111
                                         Fax: (973) 2181106
                                         rmagnanini@stonemagnalaw.com

                                         *Attorneys for Defendant Victor Loria*